ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

2015 DEC -3  PM 3: 10

DEPUTY CLERK _____

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | NO. 3:11-CR-152-L |
| v. | |
| | NO. |
| JEFFREY LYNN DANIELS (2) | (NDGA 1:15-CR-182) |

## PLEA AGREEMENT

Jeffrey Lynn Daniels (Daniels), the defendant's attorney Erin Hendricks, and the United States of America (the government) agree as follows:

1.  **Rights of the defendant**:    Daniels understands that he has the rights

    a.  to plead not guilty and proceed to separate trials in the NDTX in 3:11-CR-152-L and in the NDGA in 1:15-CR-182;

    b.  to have a trial by jury in each case;

    c.  to have his guilt proven beyond a reasonable doubt in each trial;

    d.  to confront and cross-examine witnesses and to call witnesses in his defense; and

    e.  against compelled self-incrimination.

2.  **Waiver of rights and plea of guilty**:    Daniels waives these rights and pleads guilty to Counts One and Three of the Indictment 3:11-CR-152-L (referred to herein as the NDTX Indictment) and to the one count Indictment from the NDGA (1:15-CR-182) (referred to herein as the NDGA Indictment).    Count One of the NDTX Indictment charges a Conspiracy to Use Access Devices to Modify Telecommunications

Plea Agreement / Daniels - Page 1

Daniels's Initials

Instruments and to Make Unauthorized Access to Protected Telecommunications Computers in violation of 18 U.S.C. § 371 (18 U.S.C. §§ 1029(a)(9); 1030(a)(5)(A)(ii) and B(iv), 1030(a)(2)(A), and 875(d)).   Daniels agrees to plead guilty to aiding and abetting the conspiracy in violation of 18 U.S.C. § 2. Count Three of the NDTX Indictment charges Obstruction by Concealment of Evidence, in violation of 18 U.S.C. § 1512(c)(1).   The NDGA Indictment charges Assaulting, Resisting, or Impeding Law Enforcement in violation of 18 U.S.C. § 111(a)(1) and (b).   Daniels understands the nature and elements of the crimes to which he is pleading guilty, and agrees that the factual resume he signed is true and will be submitted as evidence.

3.   **Transfer for Plea and Sentence:**   Daniels consents to transferring the NDGA Indictment to the NDTX, and consents in writing to disposing of the charges alleged in the NDGA Indictment in the NDTX by a guilty plea and sentence.

4.   **Sentence:**   Statutorily, the <u>maximum</u> statutory penalties the Court can impose upon Daniel's plea of guilty include:

a.   imprisonment for a period not to exceed forty-five years (five years in Count One and twenty years in Count Three of the NDTX Indictment, and twenty years in the NDGA Indictment);

b.   a fine not to exceed $750,000.00 ($250,000.00 in each count), or twice any pecuniary gain to the defendant or loss to the victim(s);

c.   a term of supervised release not more than five years may follow any term of imprisonment.   If Daniel violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

d.   a mandatory special assessment of $300 ($100 in each count);

Daniels's Initials

    e.     restitution to victims or to the community, pursuant to 18 U.S.C. §3663(c)(1)(A)(ii), and which may include restitution arising from all relevant conduct and not limited to that arising from the offense of conviction alone; and

    f.     costs of incarceration and supervision.

5.    **Court's Sentencing Discretion and Role of the Guidelines**:   Except as affected by the provisions of paragraphs 6 and 7 below, Daniels understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines (U.S.S.G.).   The U.S.S.G. are not binding on the Court, but are advisory only.   Daniels has reviewed the U.S.S.G. with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case.   Daniel fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

6.    **Parties' agreement as to sentence (Rule 11(c)(1)(C))**:   This plea agreement is governed by Fed. R. Crim. P. 11(c)(1)(C), in that the government and Daniels have agreed that (a) a specific sentence of not more than <u>84 months incarceration</u> is the appropriate sentence of imprisonment for Count Three of the NDTX Indictment; (b) a specific sentence of <u>70 months incarceration</u> is the appropriate sentence of imprisonment in the NDGA Count; AND (c) that the sentences of imprisonment imposed in Counts One and Three of the NDTX Indictment and in the NDGA Count should run <u>concurrently</u>.   If the Court accepts this plea agreement, this provision is binding on the Court.   Other than foregoing, the Court remains free to determine the remainder of the sentence as it deems

Plea Agreement / Daniels - Page 3

Daniels's Initials

appropriate, under the advisory United States Sentencing Guidelines and 18 U.S.C.
§ 3553.

7.     **Rejection of agreement:**   Pursuant to Rule 11(c)(5), Fed. R. Crim. P., if
the Court rejects this plea agreement, Daniels will be allowed to withdraw his guilty plea.
If the Court rejects this plea agreement and Daniels declines to withdraw his guilty plea,
the Court is not bound by this plea agreement and the disposition of the case may be less
favorable than that contemplated by this agreement.

8.     **Mandatory special assessment**:   Daniels agrees to pay to the U.S.
District Clerk the amount of $300.00, in satisfaction of the mandatory special assessment
for Counts One and Three.

9.     **Defendant's agreement**:   Daniels shall give complete and truthful
information and/or testimony concerning his participation in the offense of conviction.
Upon demand, Daniels shall submit a personal financial statement under oath and submit
to interviews by the government and the U.S. Probation Office regarding his capacity to
satisfy any fines or restitution.   Daniels expressly authorizes the United States
Attorney's Office to immediately obtain a credit report on him in order to evaluate the
defendant's ability to satisfy any financial obligation imposed by the Court.   Daniels
fully understands that any financial obligation imposed by the court, including a
restitution order and/or the implementation of a fine, is due and payable immediately.
In the event the Court imposes a schedule for payment of restitution, defendant agrees
that such a schedule represents a minimum payment obligation and does not preclude the
U S Attorney's Office from pursuing any other means to satisfy Defendant's

Plea Agreement / Daniels - Page 4

Daniels's Initials

full and immediately enforceable financial obligation.   Daniels understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

10.   **Government's agreement**:   The government will not bring any additional charges against Daniels based upon the conduct underlying and related to Daniels's plea of guilty or based on Daniels' flight to avoid prosecution.   In addition, the Government will dismiss the remaining count of the Indictment at the time of sentencing, as to Daniels only. The government will file a Plea Agreement Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms.   This agreement is limited to the United States Attorney's Offices for the Northern District of Texas and the Northern District of Georgia, and does not bind any other federal, state, or local prosecuting authorities.

11.   **Violation of agreement**:   Daniels understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Daniels for all offenses of which it has knowledge.   In such event, Daniels waives any objections based upon delay in prosecution.   If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Daniels also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

Plea Agreement / Daniels - Page 5

Daniels's Initials

12.    **Voluntary plea**:   This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.   There have been no guarantees or promises from anyone as to what sentence the Court will imposes.

13.    **Waiver of right to appeal or otherwise challenge or seek reduction in sentence:**   Daniels waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence.   He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.    He further waives his right to seek any future reduction in his sentence (e.g., based on a change in sentencing guidelines or statutory law).   Daniels, however, reserves the rights (a) to bring a direct appeal of a sentence exceeding the statutory maximum punishment that is applicable at the time of his initial sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, or (c) to bring a claim of ineffective assistance of counsel.

14.    **Representation of counsel**:   Daniels has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation.   Daniels has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Daniels has concluded that it is in his best interest to enter into this plea agreement and all its terms,

Plea Agreement / Daniels - Page 6

Daniels's Initials

rather than to proceed to trial in this case.

15.    **Entirety of agreement**:    This document is a complete statement of the

parties' agreement and may not be modified unless the modification is in writing and

signed by all parties.

JOHN R. PARKER
UNITED STATES ATTORNEY

APPROVED:

CANDINA S. HEATH          10-1-2015
_____    _____
CANDINA S. HEATH           Date
Assistant United States Attorney
Texas State Bar No. 09347450

KATHERINE MILLER          10-6-15
_____    _____
KATHERINE MILLER           Date
Deputy Criminal Chief

1100 Commerce Street, Third Floor
Dallas, Texas    75242-1699
Tel:    214.659.8600

CHAD MEACHAM              10/13/15
_____    _____
CHAD MEACHAM               Date
Criminal Chief

Fax: 214.767.2846
candina.heath@usdoj.gov

I have read (or had read to me) this Plea Agreement and have carefully reviewed
every part of it with my attorney.    I fully understand it and voluntarily agree to it.

JEFFREY LYNN DANIELS        11/10/2015
_____    _____
JEFFREY LYNN DANIELS        Date
Defendant

I am the defendant's counsel.    I have carefully reviewed every part of this Plea
Agreement with the defendant.    To my knowledge and belief, my client's decision to
enter into this Plea Agreement is an informed and voluntary one.

ERIN HENDRICKS             11/10/2015
_____    _____
ERIN HENDRICKS      Date
Attorney for Defendant

Plea Agreement / Daniels - Page 7

Daniels's Initials